UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-60202-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

MICHAEL D. BEITER,

    Defendant.
_____/

## ORDER DENYING MOTION FOR JUDICIAL DISQUALIFICATION

Defendant seeks to disqualify Magistrate Judge Barry Seltzer from presiding over Defendant's pretrial detention hearing and any subsequent proceedings in his case. The basis for the recusal motion is Defendant's behavior at a March 16, 2010 hearing before Magistrate Judge Seltzer. During that hearing, Magistrate Judge Seltzer repeatedly advised Defendant of his right to counsel and repeatedly offered to appoint counsel in accordance with that right. Mr. Beiter, the Defendant, refused to be called Mr. Beiter and refused to be called a "Defendant" claiming his innocence. Magistrate Judge Seltzer held a subsequent hearing on March 18, 2010 regarding the appointment of counsel. On March 18, 2010, Mr. Beiter again declined an appointment of counsel, stating that he could retain an attorney. Thereafter, Mr. Beiter obtained counsel, who filed the Motion for Judicial Disqualification. Having read the transcripts of the hearings before Magistrate Judge Seltzer, the Court does not find Mr. Beiter's behavior rises to the level that would prejudice Magistrate Judge Seltzer. Accordingly, the motion for judicial disqualification is denied.

THIS CAUSE came before the Court upon Defendant's Motion for Judicial Disqualification (**D.E. No. 21**), filed on **March 24, 2010**

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

## I. Background

On March 15, 2010, Defendant Michael Beiter was arrested on charges of impeding the function of the Internal Revenue Service, issuing false securities, and tax evasion. (Hr'g Tr 3, (Mar. 16, 2010).) The superseding indictment alleges that in April 2004, Mr. Beiter began marketing a debt elimination and abusive tax scheme, a scheme he promoted to 100 individuals. *See id.* After hearing the charges from the Government, Magistrate Judge Barry Seltzer proceeded to advise the Defendant of his right to counsel. The following conversation ensued:

Court: All right. Very well. Mr. Beiter, you are entitled to be represented by counsel throughout these proceedings. If you cannot afford an attorney, you may be entitled to have one appointed for you by the Court. Let me ask whether you anticipate retaining your own private attorney or whether you will be requesting that the court appoint one on your behalf?

Defendant: Are you speaking to me?

Court: I am.

Defendant: Mike? I am not the defendant. I'm innocent. May I say something? Is this Bertha Mitrani?

Court: Sir, you can address me.

Defendant: Yeah. Okay. I will.

Court: I am asking you. Sir, listen, I try to treat everybody here with dignity and with respect. You have every right to enter whatever defense you wish to as to these charges. I am simply asking, advising you at this time that you have the right to the assistance of counsel. You face a period of imprisonment if you are convicted. This is being offered to you. It is your right. You do not need to accept the appointment of counsel, but if you cannot afford one, I will take testimony to see whether you

|  |  |
|---|---|
|  | qualify. So I am asking you, sir, as a gentleman, I am trying to treat you with the utmost respect, do you wish for me to appoint counsel, or do you intend to hire an attorney on your own behalf? . . . |
| Defendant: | If I say I am the defendant, I am committing perjury. |
| Court: | I am not asking - |
| Defendant: | I am not the defendant. I can't speak for the defendant or the merits of this case. I am not the defendant. To do so would be committing perjury. I state, for the record, once and for all, and if that means 10 years in prison, I am not the defendant. . . . |
| Court: | Sir, I am asking you if you are requesting that I appoint counsel for you? |
| Defendant: | I don't need one. I'm innocent. . . |

(Hr'g Tr. 5-7, (Mar. 16, 2010).) The hearing proceeded and Mr. Beiter did not cooperate. He refused to answer the Court's inquiries regarding his right to counsel. (Hr'g Tr. 10, 12-13, (Mar. 16, 2010).) And, he continued to assert he was not the "Defendant." (Hr'g Tr. 11, 13, (Mar. 16, 2010).) He also repeatedly made accusations at the prosecutor, Bertha Mitrani. (Hr'g Tr. 7, 9, 14, (Mar. 16, 2010).)

On March 18, 2010, Magistrate Judge Seltzer held a hearing to revisit the issue of appointment of counsel. At that hearing, Magistrate Judge Seltzer indicated to Mr. Beiter that they would start with a "clean slate." (Hr'g Tr. 2, (Mar. 18, 2010).) Mr. Beiter declined court-appointed counsel, but indicated that his parents would help him retain counsel. (Hr'g Tr. 6, (Mar. 18, 2010).) Mr. Beiter also apologized to the Court for his reaction at the first hearing. (Hr'g Tr. 4, (Mar. 18, 2010).)

After the Motion for Judicial Disqualification was filed, Magistrate Judge Seltzer continued Mr. Beiter's pretrial detention hearing. This Court subsequently denied Defendant's motion to compel a pretrial detention hearing indicating that a pretrial detention hearing would take place following a ruling on the disqualification motion.

## II. Legal Standard

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 2009 WL 977313, *3 (11th Cir. April 13, 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000)

## III. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 455*

Section 455(a) requires a judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(1) requires judges to disqualify themselves "where [they] have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Thomas,* the Eleventh Circuit stated:

> Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. Furthermore, the general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources.
>
> The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Mere friction between the court and counsel, however, is not enough to demonstrate pervasive bias.

*Id.* (internal quotations omitted) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) and *Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)). Like the Eleventh Circuit in *Thomas*, the Supreme Court said:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

> unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration- remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (emphasis in original).

Applying these principles to the facts of this case is not difficult. Defendant is concerned that his behavior at the March 16, 2010 hearing will prejudice Magistrate Judge Seltzer when he holds the pretrial detention hearing. Nothing in this record suggests that Magistrate Judge Seltzer even remotely showed any animosity or anger toward the Defendant during any of the proceedings. *Id.*, 510 U.S. at 555-56 (stating that recusal is not appropriate even cases where the judge shows "impatience, dissatisfaction, [and] annoyance"). Moreover, Judge Seltzer, after concluding the March 16, 2010 hearing, scheduled a subsequent hearing to revisit the issue of appointment of counsel. At the March 18, 2010 hearing, Mr. Beiter apologized for his reaction at the initial appearance and indicated he would retain counsel.

The interaction between Mr. Beiter and Magistrate Judge Seltzer does not rise to the level requiring recusal under 28 U.S.C. § 455(a) or (b)(1). It cannot even be characterized as "mere friction" as Magistrate Judge Seltzer at no point showed any hostility toward the Defendant. *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008); *Thomas*, 293 F.3d at 1329. If this case rose to the level requiring disqualification, judges would constantly be required to recuse whenever a Defendant acted obnoxiously in court proceedings. Accordingly, the Court denies the motion to recuse under

28 U.S.C. § 455(a) and (b)(1).

B. *Motion to Recuse under 28 U.S.C. § 144*

A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety. The section requires a party's timely affidavit, which must be submitted along with counsel's additional certification of good faith. Section 144 reads as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In determining whether recusal is appropriate, therefore, the Court must first determine whether the following three elements have been met: (1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient. *Id.*; *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (*en banc*).

After reviewing the affidavit, the Court finds it contains some procedural deficiencies. In this case, the Defendant did not file a good faith certificate of counsel. Putting aside this procedural deficiency, the affidavit does not set forth factual allegations of bias. To be legally

sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party. *United States v. Spuza*, 194 Fed. Appx. 671, 676 (11th Cir. 2006).

As there are no factual allegations in the affidavit and for the reasons stated in the § 455 analysis, the Court again concludes that recusal is improper. Defendant has pointed to no actual source of bias and the Court cannot discern any allegation in the affidavit that would be sufficient to warrant recusal. Accordingly, the Court denies the motion to disqualify Magistrate Judge Seltzer under 28 U.S.C. § 144.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of April, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Honorable Barry Seltzer
Honorable James I. Cohn
Counsel of Record