UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60202-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

MICHAEL DAVID BEITER, JR.,

       Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL ON COUNTS TWO THROUGH FOUR BASED ON NEWLY DISCOVERED EVIDENCE AND A REQUEST FOR EVIDENTIARY HEARING

**THIS CAUSE** is before the Court on Defendant Michael David Beiter, Jr.'s Motion for New Trial on Counts Two Through Four Based on Newly Discovered Evidence and a Request for Evidentiary Hearing [DE 165]. The Court has considered the Motion, the Government's Response [DE 177], the record in this case, and is otherwise advised in the premises.[1]

Under Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Generally, a defendant who seeks a new trial based on new or newly discovered evidence must show that: (1) the evidence is newly discovered; (2) the failure to discover the evidence is not attributable to a lack of diligence by the defendant; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence was of such a

---

[1] The Court notes that Mr. Beiter did not file a Reply, and the time for doing so has passed.

nature that a new trial would probably produce a different result. United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005); United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Lee, 68 F.3d at 1274.

Mr. Beiter requests a new trial based on newly discovered evidence that trial witness Rick Hardee was arrested for DWI. This evidence is newly discovered, and the failure to discover the evidence is not attributable to a lack of diligence by Mr. Beiter. However, those are the only two elements that are satisfied. A DWI arrest is not a felony conviction, and therefore would not be admissible for impeachment under Federal Rule of Evidence 609(a)(1). Most importantly, even if the DWI arrest was admissible, the DWI arrest was not of such a nature that a new trial would probably produce a not guilty verdict. Additionally, as the Government notes, "the greatest challenge to [Mr. Hardee's] credibility was that he was seeking a reduction in his federal sentence to the crime of tax evasion for using Defendant's tax evasion package." DE 177 at 5. Regardless, Mr. Hardee's testimony at trial was corroborated by bank records and documents. Therefore, the Court will not grant Mr. Beiter a new trial, because he has not satisfied the 5-part test.

Mr. Beiter argues that the 5-part test is inapposite because the evidence of Mr. Hardee's DWI arrest was in the prosecution's possession. Under Brady v. Maryland, 373 U.S. 83, 87 (1963), the Government has a duty to disclose evidence favorable to the accused when it is material to guilt or punishment. To prove a Brady violation, a defendant must show that: (1) the Government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence nor could he have obtained

2

it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been revealed, there is a reasonable probability that the outcome of the proceedings would have been different. United States v. Spagnoulo, 960 F.2d 990, 994 (11th Cir. 1992). However, the evidence was not in the prosecution's possession here. A prosecution team includes "the prosecutor or anyone over whom he has authority." United States v. Meros, 866 F.2d 1304, 1309 (11th Cir. 1989). The prosecutors in this case did not have authority over the North Carolina local law enforcement officers who conducted the arrest. Despite a good faith search, including an NCIC check, the prosecution team did not know of the arrest prior to trial. Therefore, there was no Brady violation. In any event, as stated above, the evidence of Hardee's DWI arrest would not have likely produced a different result.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Mr. Beiter's Motion for New Trial on Counts Two Through Four Based on Newly Discovered Evidence and a Request for Evidentiary Hearing [DE 165] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2ND day of March, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF:
Bertha R. Mitrani, AUSA
Jed Silversmith, DOJ Trial Attorney
Chantel Doakes, AFPD
Neison M. Marks, AFPD